JOSEPH CLARK AND OTHERS, RESPONDENTS, *v.* ARCHIE C. FISK, APPELLANT.

MORTGAGES.—ASSUMPTION IN DEED.—RELEASE BY MORTGAGOR.— Where a vendee has given a mortgage to secure part of the purchase price, and then the vendee sells the land by a deed wherein the grantee therein assumes and agrees to pay the mortgage, the vendee and mortgagor cannot release his grantee in the deed, so as to affect the rights of the mortgagee without the mortgagee's consent.

DEED.—ASSUMPTION OF MORTGAGE BY VENDEE—BENEFIT ENURING. —Where a grantee in a deed assumes and agrees to pay a mortgage, his agreement enures to the benefit of the mortgagee and his assigns and they obtain all the rights of the grantor in the deed as against the grantee.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial, Hon. James A. Miner, judge.

The deed of Barry to Fisk was a deed poll signed by Barry alone and not by Fisk. It recited the mortgage "which said second party hereby assumes and agrees to pay."

*Mr. L. R. Rhodes* and *Messrs. Rogers, Shofroth and Walling,* for the appellant.

The stipulation in the deed is for the benefit simply of the grantor in the deed and is revocable by him at any time. *Crowell* v. *Hospital,* 27 N. J. Eq. 650; *Keller* v. *Ashford,* 133 U. S. 610; *Biddle* v. *Brizzolara,* 64 Cal. 354; *Bank* v. *Lodge,* 98 U. S. 123; *Mellon* v. *Whipple,* 67 Mass. 317; *Meech* v. *Ensign,* 49 Conn. 191; 44 Am. Rep. 225; *Mount* v. *Van Ness,* 33 N. J. Eq. 265; *Booth* v. *Ins. Co.,* 43 Mich. 299; *Insurance Co.* v. *Hanford,* 143 U. S. 189. The grantee, Fisk, never knew of the clause of assumption in the deed, and hence is not liable. He never agreed to it. *Bull* v. *Titsworth,* 29 N. J. Eq. 73.

*Messrs. Evans and Rogers* and *Mr. A. G. Horn,* for the respondents.

The assumption enured to the benefit of the mortgagee and his assigns. 2 Warvelle on Vendors, 658; Harris on Subrogation, 96; 1 Jones on Mortgages, 755; *Lawrence* v. *Fox,* 20 N. Y. 268; *Hand* v. *Kennedy,* 83 N. Y. 150; *Gifford* v. *Corrigan,* 117 N. Y. 257; *Insurance Co.* v. *Aitken,* 125 N. Y. 660; *Schmucker* v. *Siebert,* 18 Kan. 104; *Corbett* v. *Waterman,* 11 Iowa, 87; *Moses* v. *Clerk,* 12 Iowa, 140; *Thompson* v. *Bertram,* 14 Iowa, 476; *Ross* v. *Kennison,* 38 Iowa, 396; *Flagg* v. *Geltmacher,* 98 Ill. 293; *Crawford* v. *Edwards,* 33 Mich. 353; *Carley* v. *Fox,* 38 Mich. 387; *Hicks v. McGarry,* 38 Mich. 667; *Booth* v. *Insurance Co.,* 43 Mich. 299; *Miller* v. *Thompson,* 34 Mich. 10; *Pruden* v. *Williams,* 26 N. J. Eq. 210; *Cooper* v. *Fass,* (Neb.) 19 N. W. Rep. 506; *Rockwell* v. *Savings Bank,* (Neb.) 47 N. W. Rep. 641; *Converse v. Cook,* 8 Vt. 164; *Bassett* v. *Hughes,* 43 Wis. 319; *Fitzgerald* v. *Barker,* 70 Mo. 685; *Urquhart* v. *Brayton,* 12 R. I. 169; *Townsend* v. *Long,* 77 Pa. St. 143; *Merriman* v. *Moore,* 90 Pa. St. 78; *Smith* v. *Ostermeyer,* 68 Ind. 432. Parol evidence was not admissible to show that grantee did not assume pay-

ment of mortgage debt. 2 Devlin on Deeds, sec. 1055; *Coolidge* v. *Smith*, 129 Mass. 554; *Muhlig* v. *Fiske*, 131 Mass. 110; *Kellar* v. *Ashford*, 133 U. S. 610; *Blyer* v. *Manholland*, 2 Sandf. Ch. 478. The mistake unaccompanied by fraud must be mutual. The release from Barry is unavailing. *Drury* v. *Hayden*, 111 U. S. 223; *Insurance Co.* v. *Aitkin*, 117 N. Y. 660; *Gifford* v. *Corrigan*, 125 N. Y. 257; *Whiting* v. *Gearty*, 14 Hun. 498.

BARTCH, J.:

This suit was brought in the court below by Joseph Clark, as assignee of a note and mortgage executed by W. R. Swan and wife in favor of W. R. R. Stowell, to foreclose the same, and the appellant and respondents herein were made defendants. The respondents, defendants below, filed cross complaints, and each asked for a sale of the mortgaged property, and that Fisk be decreed to pay whatever deficiency might remain after an application of the proceeds in payment of the note. Judgment was entered accordingly, and thereupon Fisk appealed to this court, assigning numerous errors, but the only one which it is necessary to consider is the one that the decree is against the law and the evidence. The evidence, as appears from the record, is substantially as follows:

Swan bought of Stowell a large tract of land, and executed the note and mortgage for purchase money on the 1st of September, 1888. Afterwards he platted the land into lots, and made it an addition to the city of Ogden. On January 1, 1890, Swan sold a large number of these lots to Ernest A. Barry, executing three separate deeds for the same, and taking from him three separate mortgages to secure the purchase money, aggregating over $80,000, divided into many promissory notes. On the 4th of January, 1890, Barry sold all the lots he had purchased to Fisk, executing for the same three distinct deeds, each of

which contained a provision that the grant was made subject to the incumbrance of the mortgage, and the grantee assumed and agreed to pay the mortgaged indebtedness. Each of the defendants who filed a cross complaint is the holder of one or more of the Barry notes. Fisk says in his testimony that he did not assume the payment of the Barry notes, but bought the property subject to the mortgages; that he was not acquainted with Barry; and at the time he received the deeds he looked at them to see that they were in the usual form, but did not notice the assumption clause; that all the negotiations were carried on between Barry and F. A. Barnard; that he discovered that the assumption clause was in the deeds about the 12th day of May, 1890, and then procured a release of the same from Barry. The release was duly acknowledged, and admitted in evidence, and appears to have been recorded in the recorder's office of Weber county, January 5, 1891.

The defendants who filed cross complaints claim in their testimony that they procured the notes relying on the assumption clause in the deeds, and Stevens says he made inquiry as to Fisk's responsibility, and then bought the note; that the notes were procured by them before the Barry release was made. The witness F. W. La Frentz, after testifying that he knew Fisk, and was negotiating with him about the property, said: "The final result was that the deeds were made to a man by the name of Barry, at Fisk's instance." And further, he said: "I do not recollect whether these notes and mortgages came through our office or not. I never met Mr. Barry. Never saw him to my knowledge. The negotiations were had with Fisk. I recollect no conversation with Mr. Fisk about this man Barry. Fisk, I think, objected to giving his own notes and mortgages. Fisk was the real party in interest, as I understood it." And on cross-examination witness said:

7

"After we had discussed the matter, Fisk requested me to make him a proposition. Fisk said to me afterwards that he objected to giving his own notes, because he did not want them flying around the country." It also appears from the record that before the execution of the release by Barry, Swan notified Fisk of his acceptance of the assumption, and that Fisk agreed to become responsible. Clark, who brought the suit, was the holder of the Swan note, and he made these parties defendants because their notes were secured by mortgages subsequent to his.

The appellant contends that his contract to pay the indebtedness was only with Barry, and that, having been released by him from the obligation, he is under no obligation to the mortgagee, or to those who hold under him, to pay the mortgaged indebtedness. This raises the question as to the effect in law of a clause in a deed whereby the grantee assumes and agrees to pay an indebtedness secured by an outstanding mortgage against the property. It seems clear from an examination of the record that the appellant was the real party in interest when Barry made the purchase. The notes and mortgages were given for purchase money, and three days after his purchase Barry sold the same property to the appellant. It would be but natural for him to assume the indebtedness when it constituted a part of the purchase price. Taking into consideration the circumstances as disclosed by the record, and the evidence of the witness La Frentz, which appears uncontradicted, it is difficult to arrive at any other conclusion than that the appellant understood the scope and nature of the transaction, but, even if he did not notice the clause in the deeds, it would be equally difficult to see on what principle of justice he could now repudiate the obligation which he assumed, and deprive innocent third parties of the security upon which they relied. It seems to be well

settled by the weight of judicial authority that such an obligation is binding upon the obligor, not only as between him and the mortgagor, but also as between him and the assignee of the mortgage. It is not a mere promise, but a written contract, which inures to the benefit of the lienholder. He was not liable until the execution of the deed, but from the date of its execution and of his acceptance his liability commenced. Thereby he, as vendee, made the debt his own, because the principal debtor, and the mortgagor became his surety. In such case, if the vendor pays the mortgage debt, he may be subrogated to the right of the mortgagee, and have his remedy against the vendee. In equity, the agreement of the vendor inures to the benefit of the mortgagee, and he is directly liable to him or his assignee.

The case of *Keller* v. *Ashford*, 133 U. S. 610, 10 Sup. Ct. Rep. 494, cited by counsel for appellant, does not seem to sustain their position, for Justice Gray, in delivering the opinion of the court, said: "If the person, who is admitted to be the creditor's debtor stands at the time of receiving the security in relation of surety to the person from whom he receives it, it is quite immaterial whether that person is or ever has been a debtor of the principal creditor, or whether the relation of suretyship or the indemnity to the surety existed or was known to the creditor when the debt was contracted. In short, if one person agrees with another to be primarily liable for a debt due from that other to a third person, so that, as between the parties to the agreement, the first is the principal and the second the surety, the creditor of such surety is entitled, in equity, to be substituted in his place for the purpose of compelling such principal to pay the debt. It is in accordance with the doctrine, thus understood, that the court of chancery of New York, the court of chancery and the court of errors of New Jersey, and the supreme court of Michigan have held a mortgagee to

be entitled to avail himself of an agree nent in a deed of conveyance from the mortgagor by which the grantee promises to pay the mortgage." In that case neither the mortgagee nor the other incumbrancers had any knowledge of the assumption, or did any act on the faith of it, and yet the court granted relief. In the case at bar the assignee of the mortgage procured the notes relying upon the additional security which the clause in the deed afforded them; and such is the settled doctrine in many of the states of the Union. Some of the states hold that the grantee is directly liable to the mortgagee.

In *Crawford* v. *Edwards*, 33 Mich. 354, the court said: "This must be treated, therefore, as an express agreement on his part to assume and pay that mortgage. It is more than a case of conveyance of mortgaged property subject to the mortgage. In such a case the property would be made primarily liable for the debt, but the grantee would not have assumed, and would not be personally liable for, its payment. Here, however, he expressly assumes and agrees to pay the mortgage, and that irrespective of the value of the land covered by the mortgage. The amount of the mortgage is deducted from the consideration which he otherwise has assumed to pay for the land. That amount he has retained in his hands for that express purpose." 2 Warv. Vend. 658; Har. Subr. § 133; 1 Jones, Mortg. 755; *Burr* v. *Beers*, 24 N. Y. 178; *Merriman* v. *Moore*, 90 Pa. St. 78; *Pruden* v. *Williams*, 26 N. J. Eq. 210; *Hand* v. *Kennedy*, 83 N. Y. 150; *Flagg* v. *Geltmacher*, 98 Ill. 293; *Corbett* v. *Waterman*, 11 Iowa, 87; *Coolidge* v. *Smith*, 129 Mass. 554. Nor can the release from Barry be of any avail to the appellant. It was made without consideration except six dollars, after third parties had become holders of the notes, and it does not appear that there was any equitable consideration. After the release was procured, it was held by the appellant for a long time before he put it

on record. There appears to be strong ground for the belief that it was procured *mala fide,* and for the express purpose of avoiding personal responsibility which had been lawfully assumed. A release thus procured can have no legal force or effect. An agreement made by a vendee to the mortgagor for the benefit of the mortgagee, cannot, after acceptance of the deed, be released by the mortgagor so as to affect the rights of the mortgagee without his consent. Nor in such case, in the absence of fraud in the execution and delivery of the deed, is parol evidence admissible to show that he made no such agreement, and that he did not know that such a clause was contained in the deed. Devl. Deeds, § 1055; *Muhlig* v. *Fiske,* 131 Mass. 110; *Insurance Co.* v. *Aitkin,* 125 N. Y. 660, 26 N. E. Rep. 732; *Bassett* v. *Hughes,* 43 Wis. 319. We think there is no material error in the rulings and judgment of the trial court. The judgment is affirmed.

ZANE, C. J., concurred.