Ethel Ross, Appellant, v. George W. Warren, Appellant, et al., Appellees.

**MORTGAGES: Foreclosure—Judgment Against One Who Assumes.** On
1   foreclosure, the mortgagor may have judgment against a transferee of the property who has assumed and agreed to pay the mortgage debt.

**REFORMATION OF INSTRUMENTS: Mutual Mistake—Estoppel.**
2   The transferee of land may not claim that his written assumption and agreement to pay a mortgage on the land was inserted in his deed by mutual mistake, when he recorded his deed long afterwards, never offered to rescind, and sold the land.

**REFORMATION OF INSTRUMENTS: Mutual Mistake—Degree of**
3   **Proof.** The plea of mutual mistake in the drafting of a deed must be established by the pleader by clear, certain, convincing, and satisfactory evidence. Evidence reviewed, and held insufficient.

*Appeal from Appanoose District Court.*—Francis M. Hunter, Judge.

October 16, 1923.

Action on note, and to foreclose a mortgage given to secure the note, on 160 acres of land. Plaintiff also demands judgment against grantees, the Wensels, on their agreement, in the deed received by them, to pay the mortgage debt; and also against Bert L. Cook, grantee of the Wensels, who assumed and agreed to pay the mortgage debt in his deed. Defendants the Warrens

in a cross-petition also demand judgment against defendants Wensels and Bert L. Cook. The court dismissed the cross-petition as to Cook and refused judgment against Cook, reformed the deed made to Cook by the Wensels, eliminating the agreement to pay the mortgage indebtedness, and otherwise found for plaintiff, and entered judgment and decree accordingly. From that portion of the judgment and decree reforming the deed from Wensel to Cook and refusing personal judgment against Cook in favor of plaintiff and cross-petitioners, this appeal is taken.—*Reversed and remanded.*

*Howell, Elgin & Howell,* for appellants.

*H. E. Valentine,* for appellees.

ARTHUR, J.—I. C. F. Lellenberg, plaintiff's assignor, owned the quarter section of land involved in this action,· and sold the same to defendants George W. Warren and Minnie Warren. The land had resting on it a mortgage for $5,000, the Warrens giving to Lellenberg their mortgage on the land for $5,000, as a part of the purchase price, and assuming and agreeing to pay the first mortgage lien. Thereafter, the Warrens sold the farm to W. E. Wensel and Mattie E. Wensel, and in the deed the Wensels assumed and agreed to pay the two mortgages resting on the land, as a part of the purchase price. Thereafter, the Wensels sold the land to defendant Bert L. Cook, or traded it to Cook for lands in North Dakota, Colorado, and Montana, and some stock in the Union Mortgage & Cattle Loan Company, of Des Moines. There was default in the payment of interest on the Warren note and the mortgage, and the mortgage indebtedness became due and unpaid, and this suit was brought on said note and mortgage. Judgment was entered against the Warrens on their note and against the Wensels on their assumption in their deed of the mortgage indebtedness, and decree of foreclosure was entered against all parties, as prayed in the petition. The court denied personal judgment against defendant Bert L. Cook, on his assumption and agreement in his deed from the Wensels to pay the note and mortgage in suit, and reformed the deed by eliminating the assumption clause contained therein. It is from the decree reforming the deed from the Wensels to

Cook, and refusing to enter personal judgment against Cook in favor of appellants on said assumption clause in the deed received by Cook from the Wensels, that this appeal is prosecuted.

II.   Appellee Bert L. Cook in his pleadings concedes that the deed received by him from the Wensels contained an agreement whereby he assumed and agreed to pay the mortgage in suit, but alleges that the clause containing such agreement was incorporated into the deed by mutual mistake of both parties thereto, and that it was not the intention of either party that he should assume the payment of said mortgage, and prays that the deed be reformed so as to read that the land was conveyed to him only subject to the mortgages resting on the land, and so as to eliminate from the deed that he agreed to assume and pay said indebtedness.

The Warrens, appellants in a cross-petition, demand judgment in their favor against the Wensels and Cook on the agreements in the deeds received by the Wensels and Cook, wherein said parties assumed and agreed to pay the mortgage indebtedness in suit.

Appellee moved to strike the cross-petition, on the ground that the cause of action contained therein was prematurely brought, because the said Warrens would not have any cause of action nor be entitled to judgment against him until they were compelled to pay the mortgage in suit. The motion seems to have been submitted with the case, and was ruled upon at the time the decree was entered, the court sustaining the motion. The pleading should not have been stricken. It did not delay the trial. It was not necessary that the Warrens should pay the mortgage indebtedness, to entitle appellants to recover personal judgment against Cook on his agreement. *Gribben v. Clement,* 141 Iowa 144; *Lynch v. Schemmel,* 176 Iowa 499.

1. Mortgages: foreclosure: judgment against one who assumes.

The deed received by Cook from the Wensels, the deed involved, was executed July 1, 1921. At the same time, Cook executed and delivered to the Wensels deeds to the land located in North Dakota, Colorado, and Montana, which he was exchanging for the Wensel land in Lee County, Iowa. All the deeds were drawn in Corydon by an attorney. The attorney was furnished the deed received by the Wensels from Warren, contain-

ing an agreement whereby the Wensels assumed and agreed to pay the mortgage indebtedness involved in this action, and the scrivener wrote into all of the deeds an agreement like the one contained in the Warren-Wensel deed. Cook took this deed, and after about a week had it recorded, and after it was recorded, had it in his possession. Cook kept the land until in November, 1921, when he sold it to one M. T. Kryger. He had the deed in his possession, did not offer or request rescission, and made no complaint that there was a mutual mistake in the deed, until during the trial of this cause, on September 30, 1922, when, by an amendment to an answer which he had filed on April 1, 1922, in which he had not alleged mutual mistake, but had alleged fraud and misrepresentation, he alleged mutual mistake in the assumption clause in said deed. In the trial, the charge of fraud because of misrepresentation was abandoned. Cook testified, in substance, that, when the deed was executed, it was turned over to him personally; that "I saw the deed; I did not inspect the deed; it was a copy of the Warren deed;" that he first discovered that the deed bound him to pay the mortgage when he was sued in April, 1922.

"Nobody kept me from reading it. I did not know a man would be responsible for the mortgage unless he signed it. I did not know that the words 'assume and agree to pay' made me liable upon the mortgage. Mr. Wensel made me another deed that day. I do not know whether it said 'assume and agree to pay' the mortgage or not.

"Q. In your deal with Mr. Wensel, was it your intention or the intention of Mr. Wensel that you should assume the payment of these two mortgages as a part thereof, or were you trading equities?"

Over apt objection, witness answered: "We just made an equity trade; there was no money consideration."

On cross-examination, Cook testified that he had been in the land business for about eight years; had done business all over the states of Iowa, Nebraska, Dakota, Montana, and Colorado; that he was 34 years of age; that he had had a high-school education and two years in college; that no one kept him from reading the deed in controversy; that Wensel did not deceive him in any way; that he "never made any complaint about being

wrong; never thought to have it reformed, because Wensel had not misrepresented anything to me."

Witness further testified that the deed was returned to him after it was recorded, and that:

"I did not read it; just neglected to do so. Kept the deed about three months, and have not read the deed yet."

B. F. Berwinkle, witness for appellee, testified that he had been in the real estate business in Des Moines for 16 or 17 years; that he had known Cook five or six years, and knew Wensel; that he was with Cook at Corydon at the time the deed in question was made.

"Wensel made no false statements to us. The deed was written the same evening we saw the firm, by an attorney at Corydon. Cook never made any objection to his deed. Both seemed satisfied. I never heard about any dissatisfaction about the deed until this morning. He never talked about bringing suit; never served any notice of rescission. I know he traded the land off. He did not kick until he traded it off to Kryger."

W. E. Wensel, who executed the deed to Cook, called by appellants, testified:

"I traded 220 acres, with $6,750 against it, and the Unionville farm [the land involved in this case], with $10,000 against it, for a half section he [Cook] had in North Dakota, with $2,500 mortgage, and a half section in Montana, with $1,000 on it, and a clear 80 in Colorado, with 8 head of horses and machinery on the Montana land, and $2,000 worth of stock in the Union Mortgage & Cattle Loan Company of Des Moines. I assumed and agreed to pay the mortgages on the land I got; he assumed and agreed to pay the mortgages on the land he got."

He said that he heard Mr. Warren and Cook talking about the mortgages on the land; that he did not remember their exact words. On cross-examination, witness was asked:

"You know it is not customary, when you are trading equities, to agree to pay these mortgages?"

Over objection made, witness answered:

"Some will and some won't. There was nothing said about him [Cook] taking it subject to the mortgage. Garrett copied Cook's deed from the Warren deed. Mr. Cook never made objection to putting in the deeds about assuming and agreeing to

pay this mortgage. It went into the deeds. He did not make any kick on that, and he never made any kick on the deeds he got; never served any notice stating the deed was not correct, or any notice of rescission. He has traded the land off. It makes a difference to me whether Cook is released from this mortgage. I traded land off just like I got it. Warren told him [Cook] just how it was, and he did not kick about it."

George W. Warren, appellant, testified that he had a talk with Cook and Wensel at the Rea Hotel, in Corydon; that Cook told him he had traded for the land, "unsight, unseen," and asked him what kind of a farm it was; that he told Cook and Wensel that the mortgage in suit provided for semiannual interest, and they said they "understood that all right."

We do not have the benefit of a brief and argument for appellee. We think it will not be questioned that the agreement in controversy, contained in the deed received by Cook, whereby Cook assumed and agreed to pay the mortgage indebtedness sued on in this action, bound Cook for such payment, and he is liable therefor, unless the evidence produced by appellee Cook warrants the reformation of said deed so as to eliminate such agreement. *Liljedahl v. Glassgow,* 190 Iowa 827, and cases therein cited.

In reply to Cook's answer alleging mutual mistake, appellants averred that Cook is estopped from claiming such mutual mistake, because Cook received the deed on the 1st of July, 1919, and had the same recorded, and ever afterwards

2. REFORMATION OF INSTRU-MENTS: mutual mistake: estoppel.

retained it in his possession, and in November, 1919, sold the land described in the deed; that he never rescinded or offered to rescind, nor complained of the assumption clause to his grantor, to appellants, or to anyone else; that by his acts he ratified said deed, and received the benefit of the land conveyed by the deed; that appellants have been to much expense in connection with this cause; and that it would be inequitable and unjust to permit appellee to now avoid his responsibility in said deed. We think that the estoppel pleaded is available to appellants, and that it has ample support in the evidence.

We think that the evidence produced by appellee falls far short of entitling him to reformation of the deed in question.

He says that he simply neglected to read the deed; that no one,
by any fraud or artifice, prevented him from
reading the deed and knowing the clause of
which he complains. He retained the deed and
used it, made no attempt at rescission, sold the land conveyed
to him by the deed, and made no complaint, in his answer filed
in April, that the assumption clause was incorporated into the
deed by mutual mistake, and did not plead mutual mistake until
he filed an amendment to his answer, in September, at the time
of the trial. *Houchin v. Auracher,* 194 Iowa 606. The whole
trend of the testimony offered by appellee to support his claim
for reformation of the deed is to the effect that he did not know
that the clause was incorporated into the deed; that he neglected
to read it; and that nobody, by any fraud or artifice, prevented
him from reading the deed. His principal reason for asking to
be relieved from liability seems to be, from his own testimony:
"I did not know a man would be responsible for a mortgage un-
less he signed it." Appellee does not plead and does not attempt
to prove that it was the intention of both parties to make the
deed without any agreement in it such as appears in the deed,—
that is, an agreement whereby Cook, grantee, assumed and
agreed to pay the mortgage indebtedness involved in this action.
The burden was on appellee to establish his claim of mutual mis-
take by evidence clear, certain, convincing, and satisfactory.
*Haugh v. Lanz,* 187 Iowa 841; *Heard v. Nancolas,* 187 Iowa
1045. We do not think the evidence produced by appellee meets
such requirement. The evidence as a whole is quite convincing
that there was no mistake on the part of Cook's grantor. Wen-
sel's testimony is to the effect that he purposed having the
agreement incorporated into the deed as it was written; and he
furnished the scrivener with the deed from the Warrens to him,
containing such an agreement, to copy in drawing the Cook
deed.

3. Reformation of Instruments: mutual mistake: degree of proof.

After careful examination of the record, we hold that the
deed received by appellee should not be reformed, and that
appellee is liable to appellants on the agreement contained in
the deed. The decree of the court below, in so far as it is in-
volved in this appeal, is reversed, and the cause is remanded

for such orders, judgment, and decree as may be necessary, to conform with this opinion.—*Reversed and remanded.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.