# BRACKLEIN v. REALTY INS. CO. et al.

No. 5942. Decided June 24, 1938. (80 P. 2d 471.)

Rehearing denied September 14, 1938.

*Roberts & Roberts,* of Salt Lake City, for appellant.

*L. J. Holther* and *L. V. Trueman,* both of Ogden, for respondent Leona Bracklein.

*Stuart P. Dobbs,* of Ogden, for respondent Realty Ins. Co.

For opinion on rehearing see 95 Utah 506, 82 P. 2d 561.

LARSON, Justice.

The District Court of Weber County entered in favor of plaintiff and against defendants a judgment and decree foreclosing a real estate mortgage, ordering a sale of the property, and providing that if the property should not sell for the amount of the judgment and costs, a deficiency judgment for the difference be entered against defendants Realty Insurance Company and N. O. Nelson Manufacturing Company. The N. O. Nelson Company appeals and raises the following questions: (1) Must the holder of a real estate mortgage, in seeking to establish a personal liability against a purchaser from the mortgagor, allege facts showing a promise or agreement on the part of such purchaser to pay the note and mortgage? (2) Is the liability of the purchaser of mortgaged real estate, who by deed assumes and agrees to pay the mortgage indebtedness, a liability founded upon a written instrument? (3) When does the liability of such purchaser accrue so as to start the statute of limitations running?

The essential facts are as follows: The defendant Realty Insurance Company, a corporation, hereinafter called the Realty Company, in February, 1929, executed its note to plaintiff and secured the same by a mortgage on Ogden real estate. The due date of the note was February 23, 1932.

In August, 1930, the Realty Company conveyed the property by deed containing a mortgage assumption clause to the defendant N. O. Nelson Manufacturing Company, a corporation, hereinafter referred to as Nelson Company, which deed was recorded. In April, 1932, the Nelson Company quitclaimed the property to defendants Anderson, which deed was recorded. The note and mortgage were not paid

and on March 21, 1936, foreclosure proceedings were instituted. Defendant Nelson Company demurred on the grounds that the complaint did not state a cause of action against it, that the action was barred by provisions of Sec. 104-2-23, as amended by Ch. 113, Laws of Utah 1935, and by Sec. 104-2-30, R. S. Utah 1933. Demurrer was overruled and therefrom spring the vital questions of this case. Defendant answered, denying liability, and for affirmative defense pleaded the statute of limitations.

The Realty Company filed a cross-complaint against the Nelson Company, asking that as between them the Nelson Company be adjudged the principal debtor and the Realty Company the surety. Upon trial the court gave judgment of foreclosure and directed a deficiency judgment against the Realty Company and the Nelson Company in the event the property should not sell for sufficient to pay the judgment and costs. The Nelson Company appeals from that part of the judgment providing for a possible deficiency judgment against it, presenting the three questions of law stated above. Any further factual matters will be noted as we proceed to answer in order the questions of law raised by the appeal.

(1) What then must a party plead in seeking a personal judgment against an owner of mortgaged real property, who did not sign the note or mortgage but whose liability is founded upon an assumption clause in the deed by which he obtains title to the property?

Plaintiff's complaint was in the usual form in foreclosure proceedings, except paragraph 9 under which she seeks to hold Nelson Company to a personal liability. That paragraph, as far as material, alleges: that at the time of the execution of said mortgage, the defendant Realty Company was the owner in fee simple of the lands; that afterwards, on August 9, 1930, the defendant Realty Company "as grantors, by warranty deed conveyed the said property to N. O. Nelson Manufacturing Company, a corporation, as shown by the deed of record * * * subject to the mort-

gage indebtedness on said property herein sought to be fore-
closed; that in said deed it was provided that said grantee,
the N. O. Nelson Manufacturing Company, a corporation,
assumed and agreed to pay said indebtedness;" that by rea-
son thereof the said Nelson Company is liable to plaintiff for
the payment of the indebtedness.

That is the whole of the pleading. It is deficient in that
it is not alleged that Nelson Company accepted the deed,
recorded the deed, claimed anything under the deed, knew the
assumption clause was in the deed, or had any con-
nection with the property except that by quitclaim
deed it conveyed the property to Anderson. The note
not being orginally a debt of the grantee in the deed, and
the grantee not having signed the note or mortgage, he can
only be liable therefor upon his promise or agreement to
pay the same. The debt, being a contractual one, can only
be enforced against a party who is under a promise or agree-
ment, express or implied, to pay the same. The complaint
shows Nelson Company did not execute the note or mortgage
and was not a party to the debt contract, and fails to show
any liability against it for the debt since no facts are alleged
from which it can be implied, inferred or even assumed that
it promised or agreed to pay the debt. Plaintiff argues that
since it is alleged that the mortgagor *conveyed* the property
by deed to appellant Nelson Company, and that the deed
contained an assumption clause, it must be implied, inferred
and held therefrom as against general demurrer that Nelson
Company knew and agreed to the assumption clause in the
deed, and that from the allegation that the deed was re-
corded the court must assume that Nelson recorded it and
therefore must have had knowledge of its contents and ac-
cepted it accordingly. We have before us a question of
pleading and not a question of proof. A demurrer admits
the facts *well pleaded* but generally does not admit matters
left to mere inferences or conclusions of the pleader.

Trial courts and counsel in the consideration of demurrers
too often overlook the fact that the demurrer only admits,

and therefore the court has before it only, the facts *well pleaded.* And a fact is well pleaded only when it is pleaded clearly, definitely, as an existent or once existent fact, or when it can properly be inferred by reasonable intendment from the matters which are set forth. The rule of liberal construction of pleadings means simply that if by a reasonable construction of the whole pleading, viewing each allegation in the light of all the others, and then taking the facts set forth in such relationships together with the inferences and intendments which fairly and reasonably follow therefrom, the essential elements of a cause of action are set forth, the pleading is good against a general demurrer. Where the insufficiency of the pleading is timely raised by demurrer, the pleader is not entitled to as liberal construction of his pleading as he is when the objection comes after issue joined or after judgment. We think that where a pleading can reasonably be clarified and improved by amendment and is timely attacked, the better practice is to require an amended pleading. It simplifies the trial of the action for both parties and the court, clarifies the matters to be submitted to the jury, and generally improves the quality, work and technique of the bar and the administration of justice.

How stands it with the instant case? The objection urged is that there is no allegation to show appellant was under any obligation or duty to pay anything to plaintiff. Respondent concedes as much, but argues that since the deed to appellant contains an assumption clause, and it is alleged that the Realty Company *conveyed* to appellant, the court should infer and assume that appellant knew the contents of the deed and accepted the same, thereby agreeing to its terms and promising to be bound thereby. Why should the court make such assumptions and inferences to supply a matter counsel could so easily and readily have set forth in the pleading? The allegation that property was conveyed to another is probably sufficient to justify an inference of acceptance of the title, but it does not justify

inference of acceptance of extraneous recitals or terms in an instrument of conveyance. And the assumption clause is such an extraneous recital or term in the deed. The leading case is that of *Thompson* v. *Dearborn,* 107 Ill. 87, wherein Mr. Justice Craig succinctly states the rule as follows:

"In so far, then, as the liability is concerned, the law may be regarded as well settled; but the important inquiry is, whether the averment in the bill establishes a contract which brings the case within the rule announced. Had the bill averred that Thompson had signed and sealed the deed, or that the deed had been delivered to him and he had accepted it, the case would have been relieved of all difficulty; but such was not the averment. It may be that an averment that land had been sold and conveyed, is enough from which it may be implied that a deed was delivered, where no question is involved except the mere conveyance of land, as was held in *Whitten* v. *Whitten,* 36 N. H. 326, and other cases cited in the brief; but the question before us is of a different character. A contract to assume an incumbrance on land purchased is not one of the essential parts of a deed of conveyance,—indeed, such a contract is a stranger to a deed,—and when the complainants in the bill undertook to bind Thompson by an averment, they should, in some mode, allege the making of a contract between Funk and Thompson, under which the latter would be bound to pay and discharge the mortgage indebtedness. The mere fact that Funk and his wife executed and acknowledged a deed, and inserted therein a clause that Thompson should pay the mortgage named in the deed, would not create a personal liability upon him. In order to make the assumption clause in the deed binding and obligatory on Thompson, it was necessary to go one step further, and show that he assented to that clause in the instrument. This might be done by showing that he signed and sealed the deed. Had he done this, then he would have been a party to the contract. Or it might be shown that the deed was delivered to and accepted by him. Had he accepted the deed, his assent to all that it contained would have been inferred in like manner as if he had signed and sealed the instrument. The law requires something more than the mere insertion by the grantor of a clause in a deed that the grantee assumes an incumbrance. The grantee's assent to the contract must, in some way, appear, otherwise a fraud might, in many cases, be perpetrated upon a grantee. Suppose A owned a tract of land, mortgaged for $5000, but worth only one-half that amount. He executes, acknowledges and places upon record a deed conveying the land to B, the deed containing a clause binding B to pay the mortgage. Could B, who never accepted the deed or assented

to its terms, be held liable for the mortgage? The answer is obvious, that he could not be held liable for the mortgage, for the reason that he never, in any manner, assented or agreed to the contract contained in the instrument. Had the assumption clause incorporated in the deed been an essential part of the deed, the question would have been different; but it was not a necessary part of the deed, as said before, and in our judgment, the allegation that the land was sold and conveyed was not sufficient to bind the grantee to the terms of an independent contract which is not a necessary part of the instrument.

"But it is said the deed was recorded; but that does not obviate the difficulty in the case. The act of recording a deed can not amount to a delivery and acceptance when there does not appear an assent or knowledge by the grantee of the act. This was held in *Doe ex dem. Herbert* v. *Herbert, Breese*, 354, 12 Am. Dec. 192, and approved in *Wiggins* v. *Lusk*, 12 Ill. 132. There are cases where the recording of a deed might be regarded as prima facie evidence of a delivery, as was *Himes* v. *Keighblingher*, 14 Ill. 469; but the recording alone, in a case of this character, can not be held sufficient to prove a delivery of the deed, and thus establish a contract against the grantee of the deed, binding him to pay a mortgage on the premises."

In conclusion, we are satisfied that the averments in the complaint were not sufficient to authorize a money judgment against Nelson Company, and the demurrer should have been sustained.

Does the error of the trial court in its ruling on the demurrer require a reversal of the judgment? Normally a valid judgment cannot be founded upon a complaint vulnerable to a general demurrer as not stating a cause of action. But an attack upon a judgment searches the record, and if a weakness in a pleading is cured by subsequent pleadings the judgment may survive the congenital infirmity in its parent.

"As to whether a judgment is supported by the pleadings depends, not upon the allegations in the complaint alone, but upon a reasonable construction of all the pleadings when considered together." *Chesney* v. *Chesney*, 33 Utah 503, 94 P. 989, 994, 14 Ann. Cas. 835; *Geros* v. *Harries*, 65 Utah 227, 236 P. 220, 39 A. L. R. 1297; *Massachusetts B. & I. Co.* v. *Cudahy Packing Co.*, 61 Utah 116, 211 P. 706.

The mortgagor, Realty Company, filed its answer to plaintiff's complaint and a cross-complaint against its codefen-

dant, Nelson Company, the appellant, wherein it alleged the mortgage to plaintiff and that it thereafter, *"made, executed and delivered* to Nelson Company [appellant] a deed of conveyance" to the property, which deed was recorded and which deed provided that the grantee, Nelson Company, *"assumed and agreed to pay"* plaintiff's note and mortgage, "and that *said deed was accepted by the grantee defendant"* (italics added), and prayed that the court determine the amount due on the note, grant judgment in its favor for such sum against defendant Nelson Company (appellant) for a sale of the premises and a judgment against Nelson Company for the deficiency, if any. Appellant joined issue and the cause was tried upon the merits. Here then were alleged facts which, though inartfully pleaded, had they been in plaintiff's complaint, would have made it sufficient to withstand the general demurrer. The Realty Company being as to appellant in effect a coplaintiff rather than codefendant, its pleadings supplied the defects in the original complaint and cured the same. *Proctor Coal Co.* v. *Beaver's Adm'r,* 151 Ky. 839, 152 S. W. 965. The Realty Company filed its cross-complaint, not for the purpose of new relief, but for the express purpose of insuring the same relief as plaintiff sought against appellant—that a personal judgment for any deficiency might be rendered against Nelson Company so that the obligation of Nelson Company to pay the mortgage note in full might be enforced by plaintiff, or, so it might enforce that obligation if plaintiff made it, instead of Nelson Company, pay the deficiency. Under the issues raised by the pleadings when all are considered, there was presented for determination the question of the Nelson Company's liability to a personal judgment for any deficiency. The court on such issues found against Nelson Company and no error is urged or argued in that regard. Since, therefore, the judgment for any deficiency against Nelson Company must still stand in favor of the Realty Company to the ultimate benefit of plaintiff, we cannot see now any useful purpose in saying that plaintiff's judgment must

be upset as to Nelson Company for deficiency in the pleading while the same judgment in effect must still stand on the issues of the cross-complaint. Such holding is in harmony with Sec. 104-14-7, R. S. 1933, and the first question must stand resolved against appellant.

(2) The question as to whether the liability of the grantee, in a deed of mortgaged premises, who by the deed assumes and agrees to pay the mortgage, is a liability founded upon an oral contract and comes under Sec. 104-2-23, R. S. 1933, as amended by Ch. 113, Laws of Utah 1935, or whether it is a liability founded upon an instrument in writing and comes under Sec. 104-2-22, R. S. 1933, has been ably and extensively argued by all parties. The following matters seem clear both by the great weight of authority and by the process of simple reasoning. The expressions "founded upon an instrument in writing" and "not founded upon an instrument in writing" are the same in meaning as though the word "founded" were omitted from the statute entirely. *Chipman* v. *Morrill,* 20 Cal. 130, 131, 7 Pac. St. Rep. 130—that "a cause of action is 'founded upon an instrument of writing' when the contract, obligation, or liability *grows out of written instruments,* not remotely or ultimately, but immediately." *O'Brien* v. *King,* 174 Cal. 769, 164 P. 631, 632; *Chipman* v. *Morrill,* supra; *Ashley* v. *Vischer,* 24 Cal. 322, 85 Am. Dec. 65, 8 Pac. St. Rep. 322; *Louvall* v. *Gridley,* 70 Cal. 507, 11 P. 777; *Scrivner* v. *Woodward,* 139 Cal. 314, 73 P. 863; that if the fact of liability arises or is assumed or imposed from the instrument itself, or its recitals, the liability is founded upon an instrument in writing. If the instrument acknowledges or states a fact from which the law implies an obligation to pay, such obligation is founded upon a written instrument within the statute. If the writing upon its face shows a liability to pay, such liability is on a written instrument within the statute of limitations. So, also, is an action in which the instrument in writing itself contains the contract or promise to pay or do the thing, to compel the doing of which the action is brought. The promise must arise

directly from the writing itself and be included in its terms. An obligation being established by a writing, a promise to pay or to perform is implied. By necessary inference of law and fact such promise is embodied in the language of the writing although it may not be expressed in words.

But a cause of action is not founded on a written instrument merely because it is indirectly connected with the instrument. And the fact that a writing may be a link in the chain of evidence establishing the liability is ■ not sufficient to say the cause of action is founded on such writing, nor is a parol acceptance of a written offer, alone; sufficient, to make an agreement in writing within the statute.

But how stands the instant case? Plaintiff's cause of action is brought to secure a judgment upon a promissory note and to foreclose a real estate mortgage given to secure the same, and if plaintiff has any right to recover at all, such right is founded upon these written in- ■ struments as a foundation. Her cause of action, therefore, in general, is founded directly upon an instrument in writing—an instrument which contains the terms and conditions of the contract—instruments which are themselves complete expressions of the agreement and the liability and the measure of plaintiff's right to recover at all. But appellant did not sign these instruments, was not a party to them at the time of their execution or delivery, gave no writing to plaintiff, and made no promises directly to her. It merely accepted and recorded a deed which recited that it "assumed and agreed to pay" the note and mortgage upon which this action is predicated. Under such deed appellant took title to the property, exercised legal dominion over it, and subsequently as the owner thereof sold it for a substantial consideration. Appellant now insists that its liability under the assumption clause in the deed is not founded upon an instrument in writing since it did not sign the deed, but that its liability is founded upon its oral promise to its grantor (the mortgagor) to pay the note, and therefore governed

by the four-year statute of limitations; that such liability accrued when the note became due, and this action was not instituted until 4 years and 27 days thereafter. Is then the obligation to pay a note and mortgage liability incurred by a grantee in a deed with an assumption clause one founded on an instrument in writing? The primary obligation, the foundation of plaintiff's cause of action, is the note. Appellant's obligation to pay is evidenced by and founded upon the assumption clause in the deed, a written instrument. Unless the statute requires that the instrument upon which the obligation is founded be written or signed by the person to be charged, this action being predicated upon the note and the assumption clause in the deed is an action founded upon a written instrument. Does this statute so require?

The rule generally applicable to proceedings such as this is stated in 17 R. C. L. 729, as follows:

"The acceptance of a deed by the grantee named in it makes it a written contract, and the obligations created by the deed are therefore evidenced by a writing and are not governed by the limitations respecting verbal contracts."

So, too, an action on a lease signed by the lessor but not signed by the lessee, under which the lessee took possession, has been held to be brought on a written instrument. *West Va. R. Co.* v. *McIntire*, 44 W. Va. 210, 28 S. E. 696. Said Mr. Justice Brewer in *Schmucker* v. *Sibert*, 18 Kan. 104, 26 Am. Rep. 765:

"Still further we remark, that the acceptance of a deed which in terms provides that the grantee shall pay off a certain incumbrance, is an undertaking by the grantee to pay the incumbrance, and an undertaking which may be appropriated by the holder of the incumbrance, and upon which he may maintain an action. *Corbett* v. *Waterman*, 11 Iowa [86] 87; *Bowen* v. *Kurtz*, 37 Iowa [239] 240; *Ross* v. *Kennison*, 38 Iowa [396] 397; *Lawrence* v. *Fox*, 20 N. Y. 268; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253; *Burr, Adm'x,* v. *Beers*, 24 N. Y. 178 [80 Am. Dec. 327]. The rule is thus stated by the assistant vice-chancellor in *Blyer* v. *Monholland*, 2 Sandf. Ch. [N. Y.] 478: 'The obligation is not enforced as being made by Monhollands to the complainant for the payment of Fitzrandolph's debt, but as a promise

by him to Fitzrandolph to pay him $2,500 by paying that sum to the complainant in discharge of his debt, which promise the complainant, as the mortgage creditor of Fitzrandolph, is equitably entitled to lay hold of and enforce.' And the law courts have since then held, that a legal action might be maintained by the holder of the security. * * * The acceptance of the deed makes it a contract in writing binding upon the grantee, just as the acceptance by a lessee of a lease in writing signed by only the lessor makes it a written contract binding upon such lessee; and suit can be instituted upon it, and the same rights maintained, as though it were also signed by the grantee."

"The acceptance of a deed, which provides that the grantee shall discharge an encumbrance upon the real estate conveyed to him, binds him as by a written contract, and such contract inures to the benefit of the holder of the encumbrance." *Martindale* v. *Parsons,* 98 Ind. 174.

"By the acceptance of a deed which provides that the grantee shall assume and pay a specified mortgage, he binds himself as effectually as he would by executing the deed himself as an indenture." 2 Jones on Mortgages (8th Ed.) 310.

See, also, *Fisk* v. *Stevens,* 9 Utah 94, 33 P. 248, 249, 250. Here Fisk, sued upon an assumption clause, defended upon the ground that he had not known of its presence, did not in reality agree to so assume, and that he had obtained a release of the liability so placed upon him from the grantor. This court, in determining the effect of the defense, says:

"It seems to be well settled by the weight of judicial authority that such an obligation is binding upon the obligor, not only as between him and the mortgagor, but also as between him and the assignee of the mortgage. It is not a mere promise, but a written contract, which inures to the benefit of the lienholder."

A very recent case is *Bank of America Nat. Trust & Sav. Ass'n* v. *Dennison,* 8 Cal. App. 2d 173, 47 P. 2d 296, in which the essential facts are the same as in the instant case. That case holds that the grantee's liability is on the note securing the trust deed and not on his new promise, and is therefore founded upon an instrument in writing, and the longer period of limitations applies. While the Utah case of *Thompson* v. *Cheesman,* 15 Utah 43, 48 P. 477, is cited by both

sides, a careful reading thereof shows that this court there held the same as the California court's rule in the Dennison Case. Other recent cases, all to the same effect, are: *First Nat. Bank* v. *Raymer*, 180 Okl. 529, 71 P. 2d 485; *American Cyanamid Co.* v. *Wilson & Toomer Fertilizer Co.*, 5 Cir., 1931, 51 F. 2d 665; *Adams* v. *Lee County Bank & Trust Co.*, 178 Ga. 154, 172 S. E. 224; *McCraw* v. *Robinson*, Tex. Civ. App., 239 S. W. 275; *Berryman* v. *Flake*, Tex. Civ. App., 20 S. W. 2d 803; *Orbeck* v. *Alfei*, Tex. Civ. App., 276 S. W. 947; *Elliott* v. *Saufley*, 89 Ky. 52, 11 S. W. 200; *Smith* v. *Davis*, 90 Mo. App. 533. A note in 51 A. L. R. 981 and one in 21 Ann. Cas. 679 give further cases.

Of course, where the bar of the statute of limitations is effective against the debt, where the statute has run and it is sought to avoid the effect by a new promise or acknowledgment, such promise must be in writing and signed by the party to be bound because it in effect revives or creates a new legal liability which could not otherwise be asserted or established, and such cases are of no significance here. It follows that the second question must be answered adversely to appellant.

(3) The liability of a purchaser of mortgaged premises, who assumes and agrees to pay the mortgage debt, accrues so as to start the statute of limitations running when the note becomes due. As stated above, plaintiff's cause of action is founded upon the note and mortgage, and when the bar of the statute has run against the debt as evidenced by the note there can be no recovery. *Thompson* v. *Cheesman*, 15 Utah 43, 48 P. 477; *Furnas* v. *Durgin*, 119 Mass. 500, 20 Am. Rep. 341; *Locke* v. *Homer*, 131 Mass. 93, 41 Am. Rep. 199; *Ross* v. *Warren*, 196 Iowa 659, 195 N. W. 228; *Burbank* v. *Roots*, 4 Colo. App. 197, 35 P. 275. But this action was commenced 4 years and 27 days after the maturity of the note—well within the six-year period of limitations allowed for actions on written instruments. Our holding that the statute of limitations had not run disposes of appellant's assignments that the court erred in over-

ruling its demurrer on the ground that the action was barred by limitations.

Appellant urges that the trial court erred in striking from its answer allegations that the action was barred by limitations. Ordinarily a plea of the bar of the statute of limitations states a good defense and should be heard and decided on the merits from the facts as they appear at the trial rather than stricken upon motion of the adverse party, since a motion to strike, unlike a demurrer, does not admit facts and is therefore not a decision of a question of law based upon facts before the court. Here, however, since the bar of the statute was apparently not based upon facts to be proved but upon the same grounds as were used in urging that the bar could not have run, it would avail defendant nothing had the plea remained in the answer.

One further point must be noticed. The trial court awarded judgment against appellant, inter alia, for $11 for extending the abstract of title. Respondents concede now that this was error. It follows, therefore, that the judgment as entered must fail. It must be reduced by such amount.

The cause is remanded to the District Court of Weber County with directions to reduce the deficiency judgment against appellant N. O. Nelson Manufacturing Company by $11 and any interest accruals thereon, and as so modified the judgment is affirmed. Appellant to recover its costs, including 27 pages of abstract and 3 pages of its brief, but not the cost of the reporter's transcript.

FOLLAND, C. J., and HANSON, MOFFAT, and WOLFE, JJ., concur.