In the ESTATE OF Charles F.
MANES, Deceased.

Noel J. JONES, Claimant-Respondent,

v.

ESTATE OF Charles F. MANES,
Deceased, Appellant.

No. 13938.

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 14, 1986.

William C. Morgan, Waynesville, for appellant.

Harold L. Henry, West Plains, for claimant-respondent.

MAUS, Judge.

Claimant Noel J. Jones filed a claim against the Estate of Charles F. Manes, deceased. The cause of action was stated upon the customary claim form. It stated there was due the claimant $2,182, plus interest. It further alleged the claimant had "loaned the decedent the amount of $1,000 on October 5, 1982, and the amount of $1,182 on October 5, 1982." After a hearing before the court, a judgment was entered allowing the claim in the amount of $2,182. The personal representative appeals.

The only evidence at the hearing was the testimony of the claimant's wife. She was a sister of the decedent. Her testimony established the following. The claimant agreed to loan the decedent $1,000 for an

attorney fee and $1,182 for the purchase of an automobile. On October 5, 1982, the claimant wrote separate checks for those amounts payable to the decedent. The checks were drawn on the claimant's separate account. On that day, the witness delivered the checks to her brother. The loans had not been repaid.

The checks were offered in evidence. The check for $1,000 bears the notation, "Loan for attorney's fees." The check for $1,182 bears the notation, "Loan to buy Chrysler New Yorker car."

The appellant's first point is based upon that portion of § 473.380.2 that reads: "If a claim is founded on a written instrument, the original or a copy thereof with all indorsements shall be attached to the claim." The appellant contends the trial court erred in not sustaining an oral motion to dismiss the claim because those checks were not attached to the claim.

The term "founded" has been defined as "based upon: arising from, growing out of, or resting upon." Black's Law Dictionary, Fifth Edition (1979). In construing a similar statute, it has been said, "[b]ut a cause of action is not founded on a written instrument merely because it is indirectly connected with the instrument. And the fact that a writing may be a link in the chain of evidence establishing the liability is not sufficient to say the cause of action is founded on such writing...." *Bracklein v. Realty Ins. Co.*, 95 Utah 490, 80 P.2d 471, 476 (1938). In a similar vein, it has been declared, "[t]he expressions 'founded upon an instrument in writing' and 'not founded upon an instrument in writing' are the same in meaning as though the word 'founded' were omitted from the statute entirely. *Chipman v. Morrill*, 20 Cal. 130, 131, 7 Pac.St.Rep. 130...." *Bracklein v. Realty Ins. Co.*, supra, 95 Utah at 476, 80 P.2d 471.

■ It is not necessary to state a precise definition of the quoted sentence from § 473.380. It is sufficient to hold that the phrase does not encompass the use of a written instrument as part of the evidence to establish a cause of action. The appel-

lant has not demonstrated how the claimant could have brought an action on these checks. Even assuming he could have brought an action on the checks, the claimant was entitled to proceed upon the underlying agreement. *Missouri Building & L. Ass'n v. National Liberty Ins. Co.*, 232 Mo.App. 85, 89 S.W.2d 138 (1936). Cf. § 400.3–802, RSMo 1978. The instant claim does not seek recovery on the checks. By the oral evidence, the claimant established the loans and his right to recover even if the checks had not been produced. The checks served as additional evidence to establish the cause of action. It was not necessary that they be attached to the claim to be introduced in evidence. *Siegel v. Ellis*, 288 S.W.2d 932 (Mo.1956).

■ The basis for the appellant's second point is the trial court's conditional admission of the checks in evidence. When the checks were offered in evidence, the personal representative objected upon the basis of the contention expressed in the first point. The trial court "received" those checks, subject to that objection, which was taken under advisement. The disposition of the claim was also taken under advisement. Twenty days later, a judgment was entered allowing the claim.

The appellant's second point is that the trial court committed reversible error in that it did not expressly find the checks to be admissible and therefore, there was no basis for the judgment allowing the claim. It is not necessary to elaborate on the technical aspects of the conditional admission of this evidence in this court-tried case. As noted, even in the absence of the checks, there was sufficient evidence to support the judgment. Further, even if the judgment does not constitute a determination of admissibility, the checks are before this court. As tendered evidence, they may be properly considered by this court in support of the judgment. Rule 73.01(c)(3).

■ The appellant's last point is based upon the "Dead Man's Statute" as expressed by former § 491.010, RSMo Supp. 1984. That section was amended by 1985

Laws, S.B. No. 35, 17, 18, 84, 206, 259, 278, § A effective September 28, 1985. In general, the amendment eliminates the prohibition against the testimony of a survivor and in the event such testimony is admitted, it makes relevant declarations of the decedent also admissible. See, § 491.010, RSMo Supp.1985.

Upon direct examination, the claimant's wife testified as outlined above. During cross-examination, she again said she gave the checks to her brother. She was then asked, "I see. The alleged loan that you're talking about there then, you made—you gave to your brother in the form of these checks?" She answered, "That's right." The personal representative then moved to strike all testimony of the wife because that testimony was barred by former § 491.010. The basis stated for the objection was that the answer referred to established that she made the loan and was in fact the claimant. Considering all of the testimony, the trial court did not so interpret that answer. Neither does this court. The trial court did not err in overruling the objection as stated. The judgment is affirmed.

PREWITT, C.J., CROW, P.J., and FLANIGAN, J., concur.