**STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, Plaintiff–Respondent,**

v.

**June SCHWENNEKER & Karen Bassham, Personal Representatives of The Estate of Max R. Schwenneker, Deceased, Defendants–Appellants.**

No. 52678.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 8, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 14, 1988.

Daniel W. Deiter, Montgomery City, for defendants-appellants.

Gregory Wayne Schroeder, Donald B. Kammerer, Jefferson City, for plaintiff-respondent.

STEPHAN, Presiding Judge.

This is an appeal from the Circuit Court of Montgomery County, Probate Division. The trial court determined that respondent had a valid claim against the estate represented by appellant. We affirm.

Plaintiff initially asserted that between October 1, 1979 and November 25, 1985, decedent received $92,016.33 in public assistance under Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq. and the enabling state legislation, Chapter 208, RSMo 1986 (commonly called Medicaid). Decedent became eligible for Medicaid benefits on January 1, 1980. Plaintiff claims from October 1, 1979 pursuant to § 208.151.4 RSMo 1986, which allows medical assistance to be provided from the third month prior to the month of eligibility, provided that those expenses were unpaid. The claim was reduced to $83,149.35 after plaintiff found that several errors had been made in the computation of figures representing amounts paid to health care providers on behalf of the decedent. The claim was filed pursuant to § 473.398 RSMo 1986, which authorizes the Department of Social Services to seek recovery from a decedent's estate of all moneys paid to him or on his behalf in the form of aid.

Respondent's claim was heard on November 17, 1986. During its case, respondent elicited testimony regarding decedent's Medicaid background.

Decedent became eligible for Medicaid in 1980. Susan Stumbaugh, an Income Maintenance Supervisor, testified regarding decedent's original application, the mode and procedures used in their preparation, and, the fact that these applications were normally prepared in the ordinary course of business of the Division of Family Services.

Judy McNeely was employed as a Medicaid Technician II within the Division of Medical Services. She testified she was employed in the Third Party Liability Unit, and her assigned task included the management and supervision of the third party liability accounts receivable system. This system identifies all Medicaid payments made, or costs incurred, on behalf of recipients of medical assistance. Ms. McNeely further testified that for each claim there are three sets of documents: 1) the Medicaid claim form; 2) the remittance advice; and, 3) a copy of the check paid to the provider of medical services.

Ms. McNeely also testified as to how the individual Medicaid recipients are connected to the system. Each recipient is given a DCN (unique) number. This number identifies the recipient and follows him throughout the system. The unique number assigned to the decedent appeared on each claim form of each provider. The number also appeared on the remittance advice when that provider's claim was paid.

The trial court allowed respondent's claim in the amount of $83,949.35.

Appellant raises four points: 1) the trial court erred in finding the records showing Medicaid payments were admissible because they were hearsay and did not come under any exception to the rule; 2) the trial court erred in finding the appellant was indebted to respondent at all because evidence received at the trial was not within the scope of the claim filed or the applicable statute; 3) the trial court erred in admitting the application and renewals of eligibility forms because they were not attached to the claim form as required by law; and 4) the trial court erred in finding for respondent because there was no evidence of a written agreement to pay respondent and there was an inadequate showing of the value and services provided to decedent.

■ Appellant's first point is without merit. The records indicating payment are admissible under the business records exception to the hearsay rule as set forth in § 490.680 RSMo 1986:

A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

The facts here indicate that Ms. McNeely was a qualified custodian of the records. The Division of Medical Services is the arm of the Department of Social Services which administers the Missouri Medicaid Program. Ms. McNeely, who was employed by the Division of Medical Services, was in charge of management and supervision of third party liability accounts receivables. The documents showing the Medicaid payments were obtained from within this system. Ms. McNeely also testified as to how and when these documents were prepared, what they were used for, and how they were sorted and filed for storage.

Since respondent properly demonstrated that Ms. McNeely was the proper custodian of the documents, that she was familiar with the mode and time of their preparation and she could testify that the documents were both prepared and produced for trial in the normal course of business, we find that the documents were properly admitted pursuant to § 490.680 RSMo 1986. *Finkel v. Hoel–Steffen Construction Company*, 631 S.W.2d 645, 648 (Mo. App.1981).

■ Appellant's second and fourth points appear to be premised on the assumption that this is a contract action. This action was based on § 473.398 RSMo 1986, which provides for the recovery of public assistance funds from the recipient's estate. It is, therefore, a statutory action not a contract action.

Respondent showed that decedent became eligible for Medicaid benefits in 1980 and was reinvestigated for eligibility each year until his death in 1985. Respondent also showed that decedent received the services and care. The documents, which were admitted under appellant's first point, detailed each instance services were rendered to the decedent under the Medicaid program. Each provider's claim contained decedent's "unique number" issued by the Division of Medical Services. Each remittance advice and check also contained decedent's unique number. The documents were all verified by Ms. McNeely and are evidence of the types of services, the place of service and when each service was performed.

Respondent presented a prima facie case on the services rendered to decedent. The burden of proof then shifted, and it became appellant's responsibility to rebut respondent's evidence and prove that the charges were unreasonable or that services had not been performed. Appellant did not rebut any of respondent's evidence. Points II and IV are both denied.

Lastly, appellant maintains that respondent should fail because it failed to attach certain documents to its claim against the estate pursuant to § 473.380 RSMo 1986. We do not agree.

**584**

Section 473.380.2 RSMo 1986, begins, "If a claim is *founded* on a written instrument...." (emphasis added) "Founded" is defined as, "based upon; arising from, growing out of or resting upon." Black's Law Dictionary 591 (Rev. 5th ed. 1979). In this case, the cause of action was not founded on a written instrument; it was founded on a statute. The written instruments here were merely evidence to support respondent's case, they were not the foundation of respondent's cause of action. *Estate of Manes*, 703 S.W.2d 101, 102 (Mo. App.1986). Respondent's cause of action was "founded" on § 473.398 RSMo 1986.

Respondent, having established that decedent was eligible for Medicaid and that Medicaid paid the claims on his behalf, is entitled to recover the amount expended. Judgment is affirmed.

DOWD and PUDLOWSKI, JJ., concur.