**DEPARTMENT OF SOCIAL SERVICES,**
State of Missouri, Respondent,

v.

**Patricia L. RAGSDALE, Personal Representative, et al.,**
Appellants.

No. 69571.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 12, 1996.

Robin E. Fulton, Fredericktown, for appellants.

Don Willoh, Mo. Department of Social Services, Jefferson City, for respondent.

GRIMM, Judge.

During decedent's lifetime, the State claims the Department of Social Services paid benefits for him. After his death, the State filed a claim seeking reimbursement. The probate division heard evidence and entered judgment for the State.

On appeal, the estate raises one point. It alleges "there is no substantial evidence to support [the] judgment because the State failed in its burden of proof." Specifically, it contends the State did not comply with

§ 473.398.4 * and did not comply with the criteria of *State v. Schwenneker,* 742 S.W.2d 581 (Mo.App. E.D.1987). We affirm.

## I. Background

Decedent applied for public benefits on November 27, 1990. That application was rejected. On May 19, 1992, he reapplied for benefits, seeking "medical assistance and qualified Medicare beneficiary." According to the caseworker, he was eligible for "medical assistance, vendor benefits." His eligibility began July 1, 1992, and ended with his death on December 31, 1994.

■ At the hearing on the claim, an estate recovery analyst testified. She said she verified that the cost data attached to the claim was correct. She did this by manually calculating the payments made on behalf of decedent for each provider shown in his file. She then compared those totals with totals that appeared on the billing statement.

In so doing, she was unable to verify $1,217.32 of charges. Thus, the claimed amount due was reduced from $47,720.60 to $46,503.28. Without objection, she said that the total amount paid by the Medicaid program on behalf of decedent was $46,503.28.

The analyst testified as to how the claims are submitted by the provider and how they are processed in the Department. She said the documents were prepared at or near the time of service and she identified the Department's director as the custodian of the records. However, she said she had physical custody of the files and that she was responsible for the preparation and maintenance of the files.

The analyst then identified the billing statement and described its component parts. She also identified a "certification letter and the check copies from the State Treasurer's office." Without objection, she said the letter is "from the State Treasurer's office" and that it "has the Assistant State Treasurer's signature and the state seal." Attached to the certification letter were 60 pages of checks.

The estate did not present any evidence. Thereafter, the probate division granted judgment for $46,503.28.

## II. Contention Concerning § 473.398.4

■ The estate first alleges that the State did not adequately prove its case because it did not follow the two methods of proof enunciated in § 473.398.4. This statute reads in pertinent part:

1. Upon death of a person, . . . who has had moneys expended on his behalf by the . . . department of social services, . . . the total amount paid to the decedent or expended upon his behalf after January 1, 1978, shall be a debt due the state . . . from the estate of the decedent.

\* \* \* \* \* \*

4. Claims consisting of moneys paid on the behalf of a recipient . . . shall be allowed . . . upon the showing by the claimant of proof of moneys expended. Such proof *may* include *but is not limited to* the following items which are deemed to be competent and substantial evidence of payment:

(1) Computerized records maintained by any governmental entity as described in subsection 1 of this section of a request for payment for services rendered to the recipient; and

(2) The certified statement of the treasurer or his designee that the payment was made. (emphasis added).

The estate argues that "there was a complete failure of proof" by the State. It maintains that the computerized records offered by the State were not a "request for payment." Finally, it contends the certified statement proffered by the State does not meet the requirements of the statute.

We need not determine the merits of the estate's arguments. They rest on the assumption that the only way for the State to establish its claim is by computerized records and the certified treasurer's statement. This assumption overlooks the statutory language which provides that the claim "shall be al-

---

\* All statutory references are to RSMo Supplement 1995.

**324**

lowed" upon "the showing by the claimant of proof of moneys expended." § 473.398.4.

Further, that statute, immediately before recognizing the computerized records and treasurer's statement as proof, states that proof "may include but is not limited to" computerized records and treasurer's statement. § 473,398.4. Nothing in the statute leads this court to believe the methods of proof promulgated in § 473.398.4 are the exclusive methods permitted to prove the amount of money expended.

Rather, review of this court-heard case is governed by the rules enunciated by Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976). The evidence set forth above is sufficient to support the probate division's judgment.

### III. Contention Concerning *State v. Schwenneker*

The estate also argues that the State failed to prove its case under *Schwenneker.* It contends that the State did not establish an adequate foundation for the admission of the computer records or the treasurer's statement. It maintains that without those records, "there is no substantial evidence to support the trial court's decision."

As previously stated, we disagree. Even if the records are disregarded as exhibits, the analyst testified as to the amount the State had expended for decedent. That testimony, if believed, is sufficient to establish the "moneys expended" for decedent as required by § 473.398.4. Point denied.

The probate division's judgment is affirmed.

AHRENS, C.J., and DOWD, J., concur.