In the ESTATE OF Donald D. WEST,
Missouri Department of Social Services, Division of Medical Services,
Appellant,

v.

Janice West MOFFATT, Respondent.

No. WD 57683.

Missouri Court of Appeals,
Western District.

Nov. 28, 2000.

Jennifer L. Barth, Jefferson City, for appellant.

Kenneth Michael Hayden, Versailles, for respondent.

Before EDWIN H. SMITH, P.J., ULRICH, J. and ELLIS, J.

ULRICH, Judge.

The Department of Social Services of the State of Missouri (Department) appeals from the judgment of the probate court in favor of the Estate of Donald D. West (Estate) on the Department's claim seeking reimbursement under section 473.398, RSMo Cum.Supp 1995, for Medicaid expenditures paid to Donald D. West, decedent. The court ruled in favor of the Estate because it determined that the Department failed to satisfy its burden of proving the expenditure of Medicaid benefits on Mr. West's behalf. The court sustained the Estate's objection to the Department's Exhibit 1, claim documentation, thereby precluding its consideration as evidence. The Department asserts, contrary to the trial court's rulings, that the confidentiality provisions of sections 208.120.1 and 208.155 [1] do not bar admission of the Department's Exhibit 1, claim documentation, and that a proper foundation was laid to admit the exhibit. The issues presented, therefore, are whether either section 208.120.1 or 208.155 precludes introduction as evidence decedent West's records of his receipt of Medicaid benefits in a section 473.398 proceeding where the state is seeking reimbursement from Mr. West's estate for Medicaid payments made in his behalf, and, if the evidence is legally admissible, whether the Department laid the requisite foundation for its introduction.

The judgment of the trial court is reversed, and the case is remanded to the trial court.

**Facts**

Donald D. West died testate on November 3, 1998. The Department filed a claim for $13,434.77 [2] against the estate of Mr. West on April 2, 1999, as authorized by section 473.398, RSMo Cum.Supp.1995, for medical benefits the Department had paid as Medicaid on Mr. West's behalf. The probate court heard the Department's claim against Mr. West's estate on September 1, 1999. At trial, the Department called two witnesses from the Department of Social Services, Division of Medical Services (DMS), to present records pertaining to Medicaid payments made in Mr. West's behalf: an income maintenance caseworker and an estate recovery analyst. The Department offered nine exhibits. Exhibit 1 was the claim documentation compiled by the DMS, which consisted of a billing statement, an attachment to the billing statement, the remittance advice, and a check register. The Estate objected to the introduction of the exhibits. Only one of the exhibits offered, a computer listing showing that the Department received no calls on the recipient's benefit notice, was admitted by the trial court into evidence.

The Estate requested judgment at the close of the Department's evidence. The probate court granted the Estate's motion for a directed verdict, finding that the Department failed to prove that benefits were expended on behalf of Donald West and entered judgment in favor of the Estate and against the Department. This appeal followed.

**I. Confidentiality of Claim Documentation**

The Estate objected to the introduction of records purportedly pertaining to the payment of state funds in decedent's behalf as Medicaid, contending that the information was protected as confidential information by sections 208.120.2 and 208.155. The court sustained the objection. The Department contends that the probate court erred in sustaining the Estate's objection to the introduction of the Department's claim documentation (Ex-

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. The claim amount was later amended to $13,497.69.

hibit 1) because the documentation of Medicaid payments made in behalf of the decedent was not confidential information under sections 208.120.1 and 208.155, and Exhibit 1 was, therefore, admissible. The Department asserts that the exhibit was not confidential for purposes of the hearing under either section because the claim documentation was directly connected with the administration of the Medicaid program and was, therefore, specifically excluded from the protection of either statute. The question presented is whether either section 208.120.1 or section 208.155 precluded introduction of decedent West's records of receipt of Medicaid benefits in the section 473.398 proceeding.

■ Three Missouri statutes are directly applicable to the issue presented. Section 473.398 authorizes the state to recover funds from the estate of a decedent who received Medicaid benefits. The statute states in part:

> Upon the death of a person, who has been a recipient of aid, assistance, care, services, or who has had moneys expended on his behalf by the department of health, department of social services, or the department of mental health, or by a county commission, the total amount paid to the decedent or expended upon his behalf after January 1, 1978, shall be a debt due the state or county, as the case may be, from the estate of the decedent. The debt shall be collected as provided by the probate code of Missouri, chapters 472, 473, 474 and 475, RSMo.

§ 473.398.1, RSMo Cum.Supp.1995. Subsection 473.398.4 specifically allows recovery for assistance provided under 42 U.S.C. § 1396. Medicaid is federally funded and administered by the states according to state qualifying plans. 42 U.S.C. § 1396 (1992). The purpose of Medicaid is to provide medical assistance to needy persons whose income and resources are insufficient to meet the expenses of health care. *McKenzie v. State of Missouri Dep't of Social Servs., Div. of Family Servs.*, 983

S.W.2d 196, 198 (Mo.App. E.D.1998). The federal statute imposes upon the states the burden of administering the program if the states receive the federal funds. Recipients of the medical care provided according to 42 U.S.C. § 1396 are to be families with dependent children and of aged, blind, or disabled individuals whose income and resources are insufficient to meet the costs of necessary medical services. § 1396. Rehabilitation and other services are to be provided to help such families and individuals attain or retain capability for independence or self-care. *Id.* Sums made available under the statute are to be used for making payments to states that have submitted, and had approved by the Secretary, state plans for medical assistance. *Id.*

■ Both sections 208.120.1 and 208.155 restrict the use of records pertaining to recipients of medical benefits provided through the state's approved plan. Section 208.120.1 prohibits all officers and employees of the state of Missouri from "disclosing any information obtained by them in the discharge of their official duties relative to the identity of applicants for or recipients of benefits or the contents of any records, files, papers, and communications" with certain exceptions. The statute makes an exception for "purposes directly connected with the administration of public assistance." The statute also addresses confidentiality and admissibility in judicial proceedings:

> [i]n any judicial proceedings, except such proceedings as are directly concerned with the administration of these programs, such information obtained in the discharge of official duties relative to the identity of applicants for or recipients of benefits, and records, files, papers, communications and their contents shall be confidential and not admissible in evidence.

§ 208.120.1.

Section 208.155, like section 208.120.1, protects certain information of recipients

of medical assistance and states: "All information concerning applicants and recipients of medical assistance shall be confidential, and any disclosure of such information shall be restricted to purposes directly connected with the administration of the medical assistance program." § 208.155.

The first of two witnesses called by the Department to testify was a DMS income maintenance caseworker. She testified that she was custodian of Mr. West's income maintenance file. She stated that to respond to questions about payments to Mr. West she needed to view Mr. West's file. The Estate objected to the DMS income maintenance caseworker testifying from records of Medicaid funds received by Mr. West that it claimed were confidential and inadmissible in a judicial proceeding under sections 208.120 and 208.155. The Estate asserted the objection as a "continuing objection," and the court sustained the objection.

The Department then called a second witness who was employed by the Department of Social Services as an estate recovery analyst. She was the records custodian of Medicaid payment records pertaining to the decedent. She was familiar with Department record keeping and bookkeeping procedures. Her duties included compiling documents of the Department that are necessary to support a claim in probate court against the estate of a decedent who has received Medicaid benefits. Her duties also included testifying at any hearings resulting from the Department's claim in probate court. In anticipation of her testimony, she brought Department records relevant to payments made· to Mr. West that included the billing statement, an attachment to the billing statement, the remittance advise, total pages and check registers. These documents were reviewed for accuracy of the entries and compared to computer data maintained by the Department. The witness explained that the billing statement is a listing of payments made to medical service provid-

ers on behalf of the Medicaid recipient. The information provided by the billing statement includes the name and address of each provider paid in behalf of the Medicaid recipient, a narrative of the service provided, and the amount and date of each remittance to the provider. The witness testified that entries into the computer database, from· which the billing statement is prepared, are made in the normal course of business at or near the time the Department receives the information. The witness testified about Department procedures utilized to ensure accurate entry of data and payment to providers of Medicaid recipients.

Neither section 208.120 or 208.155 precluded introduction of records pertaining to receipt of benefits by Mr. West during his lifetime in the section 473.398 proceeding. Section 473.398 directs that the debt for benefits received by the decedent "shall be collected [from the decedent's estate] as provide by the probate code." Section 208.120 makes exception to judicial proceedings where the issue is the amount received by a recipient or "for purpose directly connected with the administration of public assistance." The very issue in the section 473.398 proceeding is the amount received by the recipient. Thus, this exception to the confidentiality provision excludes the prohibition from introduction of information regarding the amount received by Mr. West.

■■■ Section 208.155 does not specifically preclude introduction of records applicable to a recipient in a judicial proceeding. Essential to the state's recovery for benefits received by the decedent under section 473.398 is evidence of amounts received by the decedent. The state has the burden of proof, and it is unable to prove its case if it cannot use records of benefits received by the decedent. The General Assembly, by section 473.398, intended the use of the records of benefits received by the decedent in the state's effort to prove the debt owed by the decedent's estate. The General Assembly would not direct

the judicial determination of debt owed by a decedent's estate, understanding that the means of proving the debt would be records of benefits received by the decedent, and then preclude their use in a judicial proceeding. Section 208.155 is not directed at judicial proceedings.

██ The Department's claims against the estates of Medicaid recipients in 473.398 judicial proceedings are exempt from the confidentiality and inadmissibility provisions of sections 208.120.1 and 208.155. The Point is granted.

## Foundational Requirements of Claim Documentation

██ The Department also contends that the probate court erred in sustaining the Estate's objection to the Department's claim documentation (Exhibit 1) because the proper foundation was laid in that the Department's witness properly qualified the exhibit as a business record, the business records exception to the hearsay rule was applicable, and therefore, the records were admissible.

██ Before a document may be received in evidence, it must meet a number of foundational requirements including relevancy, authentication, the best evidence rule, and hearsay. *Hadlock v. Director of Revenue*, 860 S.W.2d 335, 337 (Mo. banc 1993). The authenticity of a document cannot be assumed, and what it purports to be must be established by proof. *Robin Farms, Inc. v. Bartholome*, 989 S.W.2d 238, 252 (Mo.App. W.D.1999). Thus, before a writing can be admitted into evidence and considered by the trial court, its proponent must show that it is, in fact, what it is purported to be. *Id.* The determination of whether a sufficient foundation was laid for admission of the evidence is within the sound discretion of the trial court. *Id.*

██ Section 490.680 sets forth the business records exception to hearsay:

A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

§ 490.680. The qualification of records within the business records exception to the hearsay rule requires testimony as to the mode of preparation of the record and that it was made at or near the time of the act, condition or event it purports to show. *In Interest of J.M.C.*, 920 S.W.2d 173, 175 (Mo.App. W.D.1996). Where a business regularly employs electronic computer equipment to enter and store its business records, printouts of the records are admissible under section 490.680 if, as the Act requires, the entries reflected are made in the regular course of business at or reasonably near the time of the occurrences of the events they record, and the trial court is satisfied that the sources of information and mode and time of preparation indicate trustworthiness, and hence justify admission. *State v. Williamson*, 836 S.W.2d 490, 498 (Mo.App. E.D.1992). A witness is qualified to testify regarding a business record if he or she has sufficient knowledge of the business operation and methods of keeping records of the business to give the records probity. *Id.* at 499. The trial court is afforded broad discretion in determining whether a party has properly complied with section 490.680. *Id.* at 497.

In this case, the Department's estate recovery analyst testified that her job responsibilities included preparing the identification file and the cost data documentation for the Division of Legal Services and testifying at any hearings about the documents. She then described and explained the principal documents comprising the Medicaid claim documentation: the computer-generated billing statement, remittance advice, and check register. She tes-

tified that she was the custodian of the claim documentation applicable in this case and that she had reviewed the claim documentation and compared the amounts with another document from a separate subsystem in the computer for accuracy. She then described the Medicaid claim process from the time the Department receives a claim from a medical service provider until the time the claim is paid. She explained how the amount paid to a Medicaid medical service provider is determined and how DMS assures that the claim submitted is the same one that is paid. She also described the procedure for payment of a Medicaid claim and how DMS tracks the amounts paid on behalf of a Medicaid recipient by the use of a unique departmental client number (DCN) assigned to each Medicaid recipient. She testified that the documents and information used to prepare the claim documentation were in the normal and ordinary course of business and that Department employees have an affirmative duty to enter accurate Medicaid information into the computer in a timely manner to determine assistance payments. She testified that the DMS regularly uses computers to enter and store information about public assistance payments and the Department's computer system is a secure system protected by password.

■ The record reflects that the Department laid a proper foundation for the admission of the claim documentation, Exhibit 1. The court's decision to sustain the objection based on lack of foundation appears to be based upon the court's determination that the Department failed to satisfy the requirements of section 473.398 .4 by failing to provide a "certified statement of the treasury or his designee that the payment was made." The Eastern District has determined that the methods of proof promulgated in section 473.398.4 are not the exclusive methods permitted to prove the amount of money expended. *Department of Social Servs. v. Ragsdale,* 934 S.W.2d 322, 324 (Mo.App. E.D.1996).

This district agreed with the *Ragsdale* decision in *Pierce v. State of Missouri, Dept. of Social Servs.,* 969 S.W.2d 814, 818 (Mo. App. W.D.1998), holding that the Department's computer records detailing the amounts paid to the decedent or on his behalf, along with the testimony of the Department's estate recovery analyst and income maintenance caseworker, were sufficient to establish the "total amount paid" to the decedent or expended upon his behalf in an action to recoup Medicaid benefits. *Id.*

The trial court, therefore, erred in sustaining the Estate's objection to the Department's claim documentation. Point 2 is granted.

### III. Substantial and Competent Evidence of Moneys Expended Was Presented

The Department also contends that the probate court erred in granting the Estate's motion for a directed verdict because it presented a prima facie case, which the Estate failed to rebut, in that the testimony of the Department's witnesses, with or without Exhibit 1, constituted substantial and competent evidence of moneys expended by the state on behalf of Mr. West during his lifetime.

■ In *Department of Social Services v. Ragsdale,* 934 S.W.2d at 324, the Eastern District held that even if the computer records or the treasurer's statement offered by the State are disregarded as exhibits, the properly admitted testimony of a Department of Social Services employee as to the amount the state had expended for decedent, if believed, was sufficient to establish the "moneys expended" for decedent as required by section 473.398.4. The language of section 473.398.4 does not make documentary evidence the exclusive means of showing proof of public assistance moneys expended on the decedent's behalf under section 473.398. The statutory language includes the phrase that "proof may include, but is not limited to" computerized records and a certified state-

ment. § 473.398.4, RSMo Cum.Supp.1995. These two forms of evidence are simply deemed to be competent evidence of payment.

As the trial court erred in sustaining the Estate's objection to the claims documentation offered by the Department, whether the testimony of the Department's income maintenance caseworker and estate recovery analyst, without admission of the claims documentation, was sufficient as substantial and competent proof of moneys expended need not be decided in this case.

The judgment of the trial court is reversed and the case is remanded to the trial court for a new hearing to be conducted in a manner consistent with this opinion.

EDWIN H. SMITH, P.J., and ELLIS, J., concur.