**In the ESTATE OF Shirley Marie SMITH, Deceased, Appellant.**

**No. ED 93117.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 15, 2009.

---

1. Appellant's motion to strike portions of Respondents' brief that was taken with the case is denied.

Chris Koster, Jefferson City, MO, for appellant.

Amanda L. Grellner, Linn, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

The Missouri Department of Social Services, MO HealthNet Division (Department) appeals the order of the probate division of the circuit court denying the Department's claim against the estate of Shirley Smith (Decedent). The Department contends, essentially, that the evidence does not support the circuit court's order. Because the personal representative failed to establish facts prohibiting recovery under a statutory exception, we reverse and enter judgment for the Department.

## Background

Decedent received Medicaid benefits through MO HealthNet from November 2007 until her death, at the age of 64, in March 2008. Decedent's son, Robin Momen (Son), was appointed personal representative of her estate. In accordance with the estate recovery provisions of 42 U.S.C. § 1396p and § 473.398 RSMo, the Department filed a claim against Decedent's estate to recoup the amount disbursed to her before her death. Son, as personal representative, responded with a petition seeking denial of the Department's claim on the basis that Son was unemployed, lacked the skills and capacity to obtain employment, and was living in Decedent's residence—the only asset of the estate available to satisfy a judgment. The petition asserts that Son would become homeless if forced to sell Decedent's home to reimburse the Department, and that Decedent's remaining heirs consent to

Son's continued occupation of the residence.

During a hearing in June 2009, the Department adduced business records itemizing $10,003.66 in Medicaid payments to Decedent. The Department presented no other evidence. Son was present and represented by counsel at the hearing, but he offered no testimony or other evidence. The circuit court denied the Department's claim for recovery. The Department appeals.

## Standard of Review

■ Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976). We will affirm the lower court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* When the parties do not request findings of fact and conclusions of law, "a probate court is presumed to have made its findings in accordance with the decree entered, and its judgment will be affirmed under any reasonable theory supported by the evidence." *In re Estate of Newman*, 58 S.W.3d 640, 645 (Mo.App. 2001).

## Discussion

■ The Department asserts that the circuit court erred because the Department met its burden of proof on its claim for recovery by presenting unchallenged documentary evidence of its Medicaid payments to Decedent. The Department further asserts that Son failed to establish facts prohibiting recovery under a statutory exception.[1] Specifically, Section 473.398 bars the State from recouping payments when collection would "adversely affect the need of the surviving spouse or depen-

---

1. Son has not favored this court with a brief.

dents of the decedent to reasonable care and support from the estate." § 473.398.3(2) RSMo. Son's petition attempts to invoke this exception but fails to articulate facts constituting a legally recognized basis for his apparent dependency on Decedent's estate.

Though chapter 437 does not define dependency, its federal counterpart bars recovery from surviving spouses and from children who are under age 21 or who are blind or permanently and totally disabled. 42 U.S.C. § 1396p(b)(2)(A). On the record before us, however, we need not reach the question of how to define dependency for Missouri estate recovery purposes. At the hearing Son offered no evidence for the court to apply to any standard. As such, he failed to rebut the Department's *prima facie* case. See *In re Estate of Newman*, 58 S.W.3d at 648, and *State, Dept. of Social Services v. Schwenneker*, 742 S.W.2d 581, 583 (Mo.App.1987) (Department makes *prima facie* case by proving services rendered to decedent; burden of proof then shifts to personal representative to present rebuttal evidence).

The circuit court's order is not supported by any evidence. Point granted.

### Conclusion

The order of the circuit court is reversed. By authority of Rule 84.14, this court enters judgment for the Department in the amount of $10,003.66 on its claim against the estate of Shirley Smith.

KATHIANNE KNAUP CRANE, P.J. and NANNETTE A. BAKER, J., concur.