In the ESTATE OF Otis VICKERS,
Deceased, Respondent,

and

State of Missouri, Dept. of Social Services, Division of Medical Services,
Claimant–Appellant.

No. 23536.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 17, 2001.

Carolyn H. Kerr, Dept. of Social Services, Jefferson City, for Appellant.

Dennis D. Reaves, Stockton, for Respondent.

GARRISON, Judge.

The State of Missouri, Department of Social Services (the "Department"), appeals a judgment entered in favor of the estate of Otis Vickers (the "Estate") on the

Department's claim seeking reimbursement under Section 473.398 [1] for Medicaid expenditures. We reverse and remand.

Mr. Vickers died testate on April 24, 1999. On October 27, 1999, the Department filed a claim for $24,812.21 against the Estate, as authorized by Section 473.398, for medical benefits the Department had paid Medicaid on Mr. Vickers' behalf. The Department later filed an amended claim in the amount of $24,591.85.

On January 11, 2000, the probate court heard the Department's claim against the Estate. The Department called one witness, Christine Larsen ("Larsen"), an estate recovery analyst employed by the Department's Division of Medical Services ("DMS"). Larsen testified that her job duties and responsibilities included compiling cost data documentation and testifying at estate hearings. To substantiate the Department's claim that public assistance benefits were paid to Mr. Vickers, Larsen brought to court the claim documentation, which consisted of a billing statement, an attachment to the billing statement, "total pages from documents [the Department] call[ed] remittance advices, and check registers." Larsen testified that she was the custodian of the DMS claim documentation records and, as such, reviewed that documentation for accuracy as well as to determine the Medicaid charge amount paid by the Department to or on the behalf of Mr. Vickers during his lifetime. She explained the process DMS follows in determining the amount of benefits that are paid to a Medicaid provider on behalf of a recipient, and explained the format of the claim documentation. Larsen testified that the total amount of the claim against the Estate was determined by adding up each "provider total" listed on the billing statement and adding them to "[t]he total Medicaid paid for Part B [Medicare] premiums on

[Mr. Vickers'] behalf." She explained that the "[n]et paid to providers was $23,507.55. Added to the Part B, the total claim is $24,591.85." Larsen explained that she verified the accuracy of the Department's claim, as shown on the billing statement, by comparing the remittance advices with the billing statement and the remittance advices with the check registers, and determined that the final claim was correct and that the individual provider claims were accurately paid by the Department.

Following Larsen's testimony, the probate court admitted Exhibit I into evidence, which included the entire billing statement, an attachment to the billing statement, and one copy of a check register and remittance advice. The Estate objected to the claim's allowance based on a lack of proof that "payment was actually made," and claimed that the Department had not met its burden of proof. The probate court took the matter under advisement, and on February 4, 2000, it entered judgment in favor of the Estate. The Department appeals.

On appeal of a court-tried case, this Court will uphold the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declared or applied the law. *Pierce v. State, Dep't of Soc. Servs.*, 969 S.W.2d 814, 817 (Mo.App. W.D.1998). In this case, there was no request for findings of fact and conclusions of law, and unless there is such a request and entry, the probate court is presumed to have made its findings in accordance with the decree entered and its judgment will be affirmed under any reasonable theory supported by the evidence. *Id.*

■ In its sole point on appeal, the Department alleges that the probate court erred in denying the Department's claim in that the Department presented a prima

facie case, which the Estate failed to rebut, through the testimony of Larsen and through Exhibit I that "constituted substantial and competent evidence of moneys expended by the [Department] on behalf of [Mr. Vickers] for public assistance benefits during his lifetime, as outlined in and contemplated by § 473.398."

The Department is mandated by federal and state law to recover public assistance benefits from a recipient's estate. *See* 42 U.S.C. Section 1396p(b)(1); Section 473.398. Section 473.398 provides that moneys paid by the Department for public assistance shall be allowed as a seventh class claim upon a showing by the claimant of proof of moneys expended. Section 473.398.4 further provides:

> Claims consisting of moneys paid on the behalf of a recipient as defined in 42 U.S.C. 1396 shall be allowed, except as provided in subsection 3 of this section, upon the showing by the claimant of proof of moneys expended. Such proof may include but is not limited to the following items which are deemed to be competent and substantial evidence of payment:
>
> (1) Computerized records maintained by any governmental entity as described in subsection 1 of this section of a request for payment for services rendered to the recipient; and
>
> (2) The certified statement of the treasurer or his designee that the payment was made.

The Estate concedes in its brief that subsection 4 of Section 473.398 does not provide the exclusive method by which a claimant may show proof of moneys expended. However, it argues that in this case the "only documentary evidence before the [probate] [c]ourt showing payment on behalf of [Mr. Vickers] was that of

payment in the amount of $57.83," which was shown on the one remittance advice and check register that the Department elected to submit as an example.

In *Department of Social Services v. Ragsdale,* 934 S.W.2d 322 (Mo.App. E.D. 1996), the court considered a similar argument by the estate that the Department had failed to meet its burden of proof because it did not produce sufficient documentary evidence in support of its claim in accordance with Section 473.398.4. At the hearing on the claim, the Department's recovery analyst had manually calculated the payments on behalf of decedent for each provider, identified the computerized billing statement, and identified a certification letter from the State Treasurer's office with sixty pages of checks attached. *Id.* at 323. The *Ragsdale* court determined that it was not necessary to determine the merits of the estate's argument because it rested on the assumption that the only way for the Department to establish its claim was by computerized records and the certified treasurer's statement. *Id.* The court noted that that assumption overlooked the statutory language which provides that the claim "shall be allowed" upon "the showing by the claimant of proof of moneys expended." *Id.* at 323–24. The court further held that even if the computer records or the treasurer's statement were disregarded as exhibits, the properly admitted testimony of a Department employee as to the amount the Department had expended for decedent, if believed, was sufficient to establish the "moneys expended" for decedent as required by Section 473.398.4. *Id.* at 324.

In *Pierce,* 969 S.W.2d at 819, the court found that the Department had met its burden of proof regarding payments made to the decedent by offering into evidence the authenticated, computerized billing records, as well as the explanatory testimony of the estate recovery analyst and the income maintenance caseworker.

Furthermore, *In the Estate of West*, 32 S.W.3d 648, 654 (Mo.App. W.D.2000), cited, with approval, *Ragsdale* and *Pierce* as authority for the proposition that the "Department's computer records detailing the amounts paid to the decedent or on his behalf, along with the testimony of the Department's estate recovery analyst and income maintenance caseworker, were sufficient to establish the 'total amount paid' to the decedent or expended upon his behalf in an action to recoup Medicaid benefits."

In the instant case, like in *Ragsdale*, *Pierce*, and *West*, the Department chose to present its claim through the use of a computerized billing statement outlining all of the charges billed and paid for by the Department, as well as, an attachment to the billing statement, remittance advices, and check registers. Although Exhibit I included only one example of a remittance advice and check register, Larsen testified that she brought with her all of the original remittance advices and check registers, but only attached a copy of one each in Exhibit I. She explained how all of the documents tied together to substantiate the amounts paid out by the Department to Mr. Vickers, and testified that she had reviewed all of the records and had verified the accuracy of the amount of the Department's claim. The Medicaid billing and payment records presented at the hearing, along with Larsen's testimony verifying and explaining the information contained therein, was sufficient to satisfy the Department's burden of proof in an action to recoup Medicaid benefits.

■ Once the Department presented a prima facie case on the payment for medical services rendered to Mr. Vickers during his lifetime, the burden of proof then shifted to the Estate to rebut the evidence and prove the charges were unreasonable or that the services had not been performed. *See State Dep't of Soc. Servs. v.*

*Schwenneker*, 742 S.W.2d 581, 583 (Mo. App. E.D.1987). The Estate did not make any effort to contradict Larsen's testimony or prove the testimony unreliable or inaccurate, but only argued that more evidence, such as checks or the treasurer's statement, existed and should have been produced. As aforementioned, the Department presented substantial and competent evidence that was sufficient to establish the "moneys expended" for Mr. Vickers as required by Section 487.398.4. Therefore, the Estate's argument that more evidence should have been produced is without merit.

Accordingly, the probate court erred in finding that the Department failed to meet its burden of proof and by entering judgment in favor of the Estate. The judgment of the probate court is reversed, and the case is remanded with directions for the probate court to enter judgment in favor of the Department on its claim for $24,591.85 for public assistance benefits paid on behalf of Mr. Vickers.

PREWITT, J., and BARNEY, C.J., concur.